THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL FRIEDMAN, Appellant.

(Submitted June 15, 1928; decided July 19, 1928.)

*Benjamin F. Spellman, Howard Hilton Spellman* and *A. Lionel Levy* for appellant. Under the construction

given to the statute by the court below, appellant was denied due process of law and the benefit of the law of the land, to the protection of which he is entitled, both under the State and Federal Constitutions. (*Temenent House Dept.* v. *McDevitt*, 215 N. Y. 160; *State* v. *Strasburg*, 60 Wash. 106; *People ex rel. Kipnis* v. *McCann*, 199 App. Div. 30; 234 N. Y. 502; *People ex rel. Pinchback* v. *Warden*, 184 App. Div. 777; *People ex rel. Koplitz* v. *Warden*, 112 Misc. Rep. 598.)

*Joab H. Banton, District Attorney* (*Edwin B. McGuire* of counsel), for respondent. The statute is constitutional. (*People ex rel. Kipnis* v. *McCann*, 199 App. Div. 30; 234 N. Y. 502; *People ex rel. Quinn* v. *Schleth*, 180 App. Div. 319; *People ex rel. Tulp* v. *McCann*, 206 App. Div. 700.)

*Per Curiam.* Section 445 of the Penal Law must be construed in the light of the heading of the article " Business and Trade " as referring to sales made in the usual course of business or trade, and not to occasional or sporadic transactions, as, for example, sales by an executor or administrator in winding up an estate.

So construed the section is reasonable and valid, and the defendant was properly convicted of a violation of its provisions.

The judgment should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.